# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**JOSEPH WILKES,**

      Petitioner,

      v.

**WARDEN TOM WATSON,**

      Respondent.

CASE NO. 5:23 CV 1773

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

Petitioner Joseph Wilkes ("Petitioner"), a prisoner in state custody, filed a counseled Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge Darrell A. Clay for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On April 28, 2025, Judge Clay issued an R&R recommending the Petition be dismissed as untimely or, alternatively, dismissed in part as non-cognizable and denied in part as meritless. (Doc. 13). Petitioner filed objections to the R&R. (Doc. 14).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and denies Petitioner's habeas Petition.

## BACKGROUND

This habeas case, filed on September 12, 2023, stems from Petitioner's 1999 Ohio state court conviction on a guilty plea to a charge of aggravated murder with a death penalty specification. *See* Doc. 7-1, at 27-40. Pursuant to the negotiated plea agreement, the State agreed to forego seeking the death penalty and a sentence of life imprisonment without parole. *Id.* at 33.

On October 7, 1999, the trial court sentenced Petitioner to life with parole eligibility after 30 years of incarceration. *Id.* at 39.

Petitioner raises four grounds for relief before this Court: (1) his plea agreement is unenforceable; (2) the trial court lacked jurisdiction to accept the plea; (3) the State deliberately withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (4) trial counsel was ineffective. *See* Doc. 1-2 (memo in support of habeas petition).[1]

In his R&R, Judge Clay first recommends the Court dismiss the petition as untimely because it was not filed within the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A) and Petitioner has not demonstrated any entitlement to tolling of that time period. (Doc. 13, at 12-18). He alternatively recommends, if the Court were to find the Petition timely-filed, that the Court find Grounds One and Two of the Petition not cognizable on federal habeas review, and find Grounds Three and Four fail on the merits. *Id.* at 18-31.

## STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3) (emphasis added).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill*

---

1. As Judge Clay correctly pointed out, the petition itself "does not identify grounds for relief." (Doc. 13, at 6). Rather, it simply states "see attached memorandum." *See* Doc. 1, at 6-8; Doc. 1-2 (Memorandum in Support of Petition). The Court adopts the numbering of Petitioner's grounds for relief from the R&R. *See* Doc. 13.

*v. Duriron Co.*, 656 F.2d 1208, 1213-14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory[.]" *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review[.]" *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented [to] and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. Am. Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn.); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

Petitioner filed Objections to the R&R. (Doc. 14). Below, the Court addresses Petitioner's specific objections.

Timeliness

Petitioner first objects to the R&R's recommendation that the Court find the Petition untimely filed. *Id.* at 2-6. Specifically, he contends the caselaw relied upon by the Magistrate Judge is distinguishable. *Id.* He further vaguely contends he "pursued his claims promptly *upon becoming aware* of their factual basis through reasonable diligence—that is the best diligence one can exercise while serving a life sentence he began barely among [sic] the age of majority." *Id.* at 4.

He contends that "prejudice" in his case "does not originate from the suppressed evidence; instead, it arises through genuine, newly discovered facts fundamentally altering the landscape of his case." *Id.*

Petitioner did not present precisely this argument to the Magistrate Judge. *See* Doc. 10. To the Magistrate Judge, petitioner stated his "lack of legal knowledge, coupled with misleading advice from his counsel and the court, contributed significantly to his delayed understanding of his legal rights." *Id.* at 3; *see also id.* at 6. And the R&R accurately explained that (1) Petitioner did not "specify the misleading advice he received or how it prevented him from filing a timely federal habeas petition"; and (2) ignorance of the law, including filing deadlines, is not a basis for equitable tolling. (Doc. 14, at 13-14).

An argument not presented to the Magistrate Judge is waived. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010); *see also Murr v. United States*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Even if not waived, in essence, Petitioner seemingly now attempts to invoke 28 U.S.C. § 2244(d)(1)(D), although he does not cite it. *See id.* (providing the limitations period may begin "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."). Under this subsection, the Court is to consider "when a duly diligent person in [P]etitioner's circumstances would have discovered" the factual predicate for his claim. *DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006) (quoting *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000)). This "does not require the maximum feasible diligence, only 'due,' or reasonable, diligence." *Id.* (quotation

omitted). Importantly, Petitioner bears the burden of proving that he exercised due diligence. *See id.* at 471.

Petitioner's conclusory statements (upon which he does not elaborate) that he "pursued his claims promptly *upon becoming aware* of their factual basis through reasonable diligence" (Doc. 14, at 4), or that he presents "evidence that could not have reasonably been discovered sooner through due diligence because its existence was actively hidden by state misconduct and attorney ineffectiveness" (*id.* at 6), simply are not sufficient to satisfy § 2244(d)(1)(D). *See, e.g.*, *Redmond v. Jackson*, 295 F. Supp. 2d 767, 772 (E.D. Mich. 2003) ("The primary problem the Court has with invoking § 2244(d)(1)(D) to allow the one-year period to run from the date of the discovery of this evidence is that Petitioner has failed to offer any explanation how the factual predicate of his claims could not have been discovered earlier, nor does he indicate what steps, if any, he took to discover these claims.").

The Court therefore overrules Petitioner's objection to the extent he contends he is entitled to a different start date of the statute of limitations, or that he is entitled to equitable tolling of the statute of limitations based on late discovery.

Further, the Court has reviewed, *de novo*, Petitioner's actual innocence claim and agrees with the Magistrate Judge that the evidence to which Petitioner points does not meet the "demanding" showing required by *Schlup* to overcome the statute of limitations bar. *House v. Bell*, 547 U.S. 518, 538 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see* Doc. 13, at 16-17 (finding Petitioner did not show his proffered evidence was reliable, relevant to his conviction, or establish it is more likely than not no reasonable juror would have found him guilty beyond a reasonable doubt).

5

Thus, Petitioner's objections regarding the timeliness of his Petition are overruled. Petitioner's habeas Petition is barred by the statute of limitations in 28 U.S.C. § 2244 and can be denied on this basis alone. Nevertheless, because the R&R addresses Petitioner's grounds for relief in the alternative, and Petitioner raises objections to that analysis, the Court evaluates Petitioner's remaining objections below.

Non-Cognizable Claims

Petitioner objects to the R&R's alternative recommendation that the Court find Grounds One and Two present only non-cognizable claims. (Doc. 14, at 7-9). These two grounds for relief challenge the absence of a three-judge panel pursuant to Ohio Revised Code § 2945.06 and Ohio Criminal Rule 11(C)(3) as well as a mental examination required by Ohio Revised Code § 2929.03(D)(1)) as applied to capital cases. *See* Doc. 1-2, at 11-12. He contends the R&R's characterization of these claims as only state law claims "fundamentally misapprehends [their] constitutional dimensions". (Doc. 14, at 7). He continues: "While these claims indeed involve procedural elements grounded in state law, their violation directly impacted the voluntariness, intelligence, and constitutional validity of Mr. Wilkes's guilty plea, thereby implicating core federal constitutional protections guaranteed under the Fourteenth Amendment." *Id.*

First, Petitioner incorrectly asserts the R&R "ignores established federal habeas jurisprudence recognizing that state procedural violations can rise to constitutional significance if they render a criminal proceeding fundamentally unfair." *Id.* The Magistrate Judge stated precisely that principle in the R&R, referencing the same caselaw as Petitioner now cites. *Compare* Doc. 13, at 9, 18 (citing *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006) and *Bey v. Bagley*, 500 F.3d 514, 521 (6th Cir. 2007)), *with* Doc. 14, at 7 (citing the same cases).

Second, Petitioner's argument as to this claim is conclusory:

6

> Here, Ohio's requirement for at three-judge panel in capital cases and mandatory mental evaluations for capital defendants are not mere technicalities but constitute vital safeguards ensuring constitutional due process and reliability of convictions and sentences. Thus, their absence in [Petitioner's] proceedings substantially undermined the fundamental fairness and reliability of his conviction, providing a direct basis for federal habeas review.

(Doc. 14, at 8). The Court agrees with the R&R that Petitioner "asserts the absence of a three-judge panel and mental evaluation undermines the voluntariness of his plea, but he makes no effort to explain how." (Doc 13, at 20). In essence, Petitioner attempts to "constitutionalize" alleged state procedural violations simply by asserting these state laws implicate constitutional due process. But Petitioner's mere statement that something rises to the level of constitutional significance does not make it so. "[T]he Supreme Court has defined 'very narrowly' the category of infractions that violates 'fundamental fairness.'" *Bey*, 500 F.3d at 522 (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)). And as the R&R explained, as a matter of state law at the time of Petitioner's plea, Ohio courts had determined no three-judge panel was required if the prosecutor agreed not to pursue the death penalty. (Doc. 13, at 19-20). That state law determination is binding on this Court. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

Third, to the extent Petitioner argues that the failure to convene a three-judge panel or perform a mental evaluation undermined the knowing, voluntary, and intelligent nature of his plea, the Court, on *de novo* review, agrees with and adopts the Magistrate Judge's analysis regarding Petitioner's plea. *See* Doc. 13, at 20-23 (finding Petitioner's plea was knowing, intelligent, and voluntary).

For these reasons, the Court overrules Petitioner's objections to the Magistrate Judge's determination that Grounds One and Two are non-cognizable.

*Brady* Claim

Petitioner next objects to the R&R's alternate conclusion that Ground Three (the *Brady* claim) is meritless. (Doc. 14, at 9-12). He contends the R&R (1) "incorrectly concluded that [Petitioner] did not sufficiently demonstrate the existence or relevance of *Brady* material"; (2) "erred by asserting that [his] *Brady* claim is speculative regarding whether the State possessed and suppressed the evidence"; (3) incorrectly determined the suppressed evidence was not material; (4) improperly relied on *United States v. Ruiz*, 536 U.S. 622 (2002); and (5) "prematurely foreclosed meaningful review" when ruling on the claim without discovery or an evidentiary hearing. *Id.*

First, as to Petitioner's first three objections, the R&R's ultimate conclusion on this ground for relief was based on the application of the habeas merits review standard. *See* Doc. 13, at 26-27. That is, the R&R found the state court had addressed this argument and reasonably determined "nothing indicates that the prosecutor withheld *Brady* material in the present case." *Id.* (quoting *State v. Wilkes*, 252 N.E.3d 693, 700 (Ohio Ct. App. 2024)). The Court agrees with the R&R's conclusion that this was "a reasonable interpretation of federal precedent and is based on a reasonable determination that [Petitioner] failed to prove the requirements of a *Brady* claim." *See id.* at 27 (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)); *see also* 28 U.S.C. § 2254(d) (noting that where a state court has adjudicated a claim, relief is only available if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented").

Second, as to Petitioner's fourth objection, although the R&R discussed whether the holding of *Ruiz* – that the Constitution does not require the prosecution to disclose impeachment information prior to a plea agreement – applies to exculpatory material, it properly noted that this

8

remains an open question. (Doc. 13, at 26). The R&R's conclusion did not rely on an interpretation of *Ruiz*. Thus, Petitioner's objection to the consideration thereof lacks merit.

Finally, on *de novo* review, the Court agrees with and finds no error in the R&R's determination that Petitioner was not entitled to discovery or an evidentiary hearing on this claim. *See id.* at 33-34.

Ineffective Assistance

Finally, Petitioner objects to the R&R's conclusion that Ground Four (ineffective assistance of trial counsel) is alternatively meritless. (Doc. 14, at 13-15). First, he contends the R&R incorrectly concluded that any claim regarding failure to investigate the case is waived by his guilty plea. He contends that "[w]hile a guilty plea generally forecloses pre-plea constitutional claims, it does not bar a petitioner from challenging the plea itself as involuntary or unintelligent due to counsel's deficient performance—i.e. when the plea, itself, is the *product* of ineffective assistance of counsel." *Id.* at 13. The Court finds it unnecessary to resolve this objection because, even if Petitioner were correct that these claims were not waived, the R&R alternately concluded that Petitioner has not shown the state court resolution of these claims "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented[.]" 28 U.S.C. § 2254(d); Doc. 13, at 36.

Petitioner contends the R&R "undervalues counsel's essential duty to conduct a thorough investigation into [Petitioner's] mental state and background" and that he has adequately demonstrated *Strickland* prejudice because he "asserts credibly that had counsel conducted a proper investigation into his mental health and presented that evidence during plea negotiations or at trial, it would have provided leverage for a better plea agreement or even influenced the decision

9

to proceed to trial." (Doc. 14, at 13-14). He further contends the R&R "prematurely accepted" the

state court's decision "without adequate scrutiny of its reasonableness under AEDPA." *Id.* at 14.

He continues:

> The Fifth District's brief dismissal of Wilkes's claims as speculative ignores
> substantial evidence in the record supporting the viability of unexplored defenses
> and uninvestigated mitigation factors. AEDPA's deference does not demand blind
> acceptance of state court conclusions that fail to grapple meaningfully with
> constitutional inadequacies identified by Wilkes.

*Id.* at 15.

The Court disagrees. As the R&R noted, the state court addressed Petitioner's

ineffectiveness claims. *See* Doc. 13, at 30; *Wilkes*, 252 N.E.3d at 699-701. Specifically, the state

court explained:

> {¶23} Appellant next argues his plea was not voluntary because he did not receive
> a psychological evaluation. He acknowledges defense trial counsel moved for a
> mental-health evaluation but contends he entered his guilty plea without any
> examination occurring. Appellant cites R.C. 2929.03(D)(1), which provides that
> "[a] presentence investigation or mental examination shall not be made except upon
> request of the defendant. Copies of any reports prepared under this division shall
> be furnished to the court, to the trial jury if the defendant was tried by a jury, to the
> prosecutor, and to the offender or the offender's counsel for use under this
> division." Appellant's speculation that a psychological report would have resulted
> in a more-favorable outcome does not establish a manifest injustice. Counsel could
> have reasonably decided to proceed with the plea agreement absent a psychological
> investigation, which may have delayed or compromised their attempts to save
> appellant's life by removing the death penalty from the sentencing equation. See,
> *State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, 172 N.E.3d 8, ¶ 101.
>
> * * *
>
> {¶25} Finally, appellant's ineffective-assistance argument arises from counsel's
> failure to address the lack of the three-judge panel and psychological examination;
> the failure to investigate the alleged missing evidence; and appellant's
> "stigmatization * * * within the prison system" as a snitch due to his "compulsion"
> to testify against the co-defendant. Appellant states: "One can say without
> equivocation that, under these circumstances, a silent pro-se trial would have
> produced a more favorable outcome for [appellant [sic]." It is impossible to take
> appellant's contention seriously; charged with a death eligible offense, his

10

agreement to testify against the co-defendant who hired him to commit murder was integral to the plea agreement sparing appellant's life.

{¶26} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel was ineffective, i.e., whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his or her essential duties to their client. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.*

{¶27} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test, whether the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. *Id.* This requires a showing that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.*

{¶28} With regard to appellant's ineffective assistance of counsel argument, we find that counsel's performance did not fall below an objective standard of reasonable representation and counsel did not violate any of their essential duties to appellant because, as detailed above, at the time of appellant's plea, the caselaw in this district established that when a defendant agreed to forego his right to a jury trial in exchange for the prosecutor's agreement not to pursue the death penalty, the case could be heard by a single judge. At the time appellant would have appealed his sentence, the failure to convene a three-judge panel was not reversible error. This caselaw was not overruled until eight years after appellant's plea. The law presumes competence on trial counsel's part. *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990); *State v. Hurt*, 5th Dist. Muskingum No. CT2019-0053, 2020-Ohio-2754, 2020 WL 2120071.

{¶29} The trial court fully apprised appellant of the constitutional rights he was giving up in pleading guilty, and appellant unambiguously indicated the voluntary, intelligent, and knowing nature of his plea; appellant makes no claim otherwise. As to appellant's ineffective assistance claim, we find appellant failed to demonstrate he suffered prejudice and counsel's performance did not fall below an objective standard of reasonable representation.

*Wilkes*, 252 N.E.3d at 699-701.

As the R&R correctly noted, the combination of the AEDPA and *Strickland* standards of review results in a "doubly deferential" standard. *See Hale v. Cool*, 122 F.4th 637, 646-47 (6th

Cir. 2024) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). "This is the result of . . . 'apply[ing] the highly deferential AEDPA standard to the already deferential *Strickland* standard.'" *Id.* (quoting *Rogers v. Mays*, 69 F.4th 381, 389 (6th Cir. 2023) (en banc)). Thus, in a case like this one, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Therefore, "it is no longer enough for [Petitioner] to show that his attorneys made a decision that no reasonable lawyer would have made. He now must show that *every* fairminded jurist would agree that *every* reasonable lawyer would have made a different decision." *Fields v. Jordan*, 86 F.4th 218, 240 (6th Cir. 2023) (en banc) (citation modified).

Upon *de novo* review, the Court agrees with the R&R's conclusion that Petitioner has not shown the state court resolution of Petitioner's ineffective assistance claims satisfies this standard. Petitioner's objection to the R&R's resolution of Ground Four is therefore overruled.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Clay's R&R (Doc. 13) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 1) is DISMISSED as time barred, and alternatively DISMISSED in part as non-cognizable and DENIED in part as meritless; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith.

28 U.S.C. § 1915(a)(3).


        s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 2, 2025